JOSEPH P. CUVIELLO
DENIZ BOLBOL
P.O. Box 2834
Redwood City, CA 94064
Telephone: (650) 577-1316

In Pro Per

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO, and DENIZ BOLBOL, individually, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CITY OF OAKLAND, a public entity, ALAMEDA COUNTY, a public entity, OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, a public entity, OAKLAND COLISEUM JOINT VENTURE, L.L.C., a foreign corporation, SMG, a foreign corporation, OAKLAND POLICE OFFICER R. VALLADON (7194 P), OAKLAND POLICE OFFICER R. VILLEGAS, OAKLAND COLISEUM ASSISTANT SECURITY MANAGER "SKEET" ELLIS, and DOES 1-100, in their individual and official capacities, Jointly and Severally, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

**WDB**

**C 06 5517**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1

Plaintiffs, for their Complaint against Defendants, state as follows:

## JURISDICTION

1.     This is a civil rights action arising from Defendants' unreasonable seizure of Plaintiff Cuviello, and violation of both Plaintiffs' rights to freedom of speech, assembly, association, and conscience, in connection with the Ringling Bros. – Barnum & Bailey Circus in August 2005, at the Oakland Coliseum, in the City of Oakland, Alameda County, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.   Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

2.     A substantial part of the events and/or omissions complained of herein occurred in Oakland, Alameda County, California, and this action is properly assigned to either the Oakland or San Francisco Division of the United States District Court for the Northern District of California.

## PARTIES AND PROCEDURE

3.     Each Plaintiff herein is a resident of the State of California.

4.     Defendant City of Oakland is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Oakland Police Department which employs other defendants in this action.

5.     Defendant Alameda County is a public entity established by the laws and Constitution of the State of California, and employs other defendants in this action.

1

2    6.    Defendants City of Oakland and Alameda County also co-own, operate,

3    manage, direct, and/or control the Oakland Coliseum, and the Oakland-Alameda County

4    Coliseum Authority.

5    7.    Defendant Oakland-Alameda County Coliseum Authority is a public entity

6
     established by the laws and Constitution of the State of California, and employs other
7
     defendants in this action.
8

9    8.    Defendant Oakland Coliseum Joint Venture, L.L.C., is a foreign corporation

10   doing business in Alameda County, and co-owns, operates, manages, directs, and/or

11   controls the Oakland Coliseum, and employs other defendants in this action.

12   9.    Defendant SMG is a foreign corporation doing business in Alameda County,

13   and co-owns, operates, manages, directs, and/or controls the Oakland Coliseum and the

14   Oakland Coliseum Joint Venture, L.L.C., and employs other defendants in this action.
15

16   10.    Defendants OAKLAND POLICE OFFICER R. VALLADON (7194 P) and

17   OAKLAND POLICE OFFICER R. VILLEGAS were at all material times employed as law

18   enforcement officers by Defendant City of Oakland, and were acting within the course

19   and scope of their employment.  At all material times, these Defendants were also

20   employees, agents, and/or ostensible agents of Defendants Alameda County, Oakland-

21   Alameda County Coliseum Authority, Oakland Coliseum Joint Venture, L.L.C., and SMG,

22
     and were acting within the course and scope of that employment/agency.
23

24   11.    DOES 1-20, on information and belief, were at all material times persons

25   and/or business entities doing business at the Oakland Coliseum, Oakland, California.

26   Plaintiff is further informed and believes, and thereon alleges that at all material times

27   these Defendants owned, operated, managed, directed, controlled, and/or employed

28

1  other defendants in this action.  The true names and capacities of these Defendants are

2  unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and

3  Plaintiffs will seek leave to amend this complaint to show their true names and capacities

4  when the same are ascertained.

5      12.    The true names and capacities of Defendants sued herein as Does 21-100

6  ("Doe defendants") are unknown to Plaintiffs, who therefore sue said Defendants by such

7  fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true

8  names and capacities when the same are ascertained.  At all material times, each Doe

9  defendant was an employee/agent of one or more named Defendant(s) acting within the

10  course and scope of that relationship.

11  

12     13.    Plaintiffs are informed and believe and thereon allege that each of the

13  Defendants sued herein was negligently, wrongfully, and otherwise responsible in some

14  manner for the events and happenings as hereinafter described, and proximately caused

15  injuries and damages to Plaintiffs.  Further, one or more Doe defendants were at all

16  material times responsible for the hiring, training, supervision, and discipline of other

17  defendants, and/or directly responsible for violation of Plaintiffs' rights.

18  

19     14.    Each individual defendant (non-municipal and non-corporate defendant) is

20  sued in his/her individual and official capacities.

21     15.    Plaintiffs are informed and believe, and thereon allege, that each of the

22  defendants was at all material times an agent, servant, employee, partner, joint venturer,

23  co-conspirator, and/or alter ego of the remaining defendants, and in doing the things

24  herein alleged, was acting within the course and scope of that relationship.  Plaintiffs are

25  further informed and believe, and thereon allege, that each of the defendants herein gave

26  consent, aid, and assistance to each of the remaining defendants, and ratified and/or

27  

28

1  authorized the acts or omissions of each defendant as alleged herein, except as may be

2  hereinafter otherwise specifically alleged.

3      16.    At all material times, each defendant was jointly engaged in tortious activity,

4  resulting in the deprivation of Plaintiffs' Constitutional rights and other harm.

5      17.    At all material times, each defendant acted under color of the laws, statutes,

6  ordinances, and regulations of the State of California.

7      18.    At all material times, Defendants OAKLAND POLICE OFFICER R.

8

9  VALLADON (7194 P), OAKLAND POLICE OFFICER R. VILLEGAS, OAKLAND

10  COLISEUM ASSISTANT SECURITY MANAGER "SKEET" ELLIS, and Does 1-100 acted

11  pursuant to the actual customs, policies, practices and procedures of the Oakland Police

12  Department, and Defendants City of Oakland, Alameda County, and Oakland-Alameda

13  County Coliseum Authority.

14      19.    This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

15

16                          **GENERAL ALLEGATIONS**

17      20.    Plaintiffs reallege each and every paragraph in this complaint as if fully set

18  forth here.

19      21.    Plaintiffs Joseph Cuviello and Deniz Bolbol are members of Citizens for

20  Cruelty-Free Entertainment, a Bay Area grassroots group dedicated to the humane

21  treatment of animals and educating the public about the abuse and mistreatment of

22  animals in circuses.

23

24      22.    Plaintiffs' speech and association includes taking videotape to document

25  the condition and treatment of animals kept by circuses, including but not limited to the

26  Ringling Bros. – Barnum & Bailey Circus (hereafter "Ringling").  Plaintiffs use the

27

28

1  videotape to educate the public, and provide news media information, about the abuse
2  and mistreatment of animals by circuses.

3      23.    Plaintiffs' speech and association is on matters of great public concern
4  locally, nationally, and internationally – the abuse and mistreatment of animals, including
5  but not limited to endangered species, lions, and Asian elephants – by circuses and other
6  "entertainment" entities.

7
8      24.    Plaintiffs have documented many instances of animal abuse and
9  mistreatment committed by circuses over several years, including by Ringling.  Plaintiffs
10 use the evidence they document on video to speak out against these abuses of animals,
11 and to associate with others for the purpose of expressing their views and educating
12 people about the issue of circus abuse and mistreatment of animals.

13     25.    Additionally, Plaintiffs use their videos to speak to the media and provide
14 news and law enforcement organizations with information about the abuse and
15 mistreatment of animals.
16

17     26.    Plaintiffs' videotapes have been used and broadcast by local and national
18 news media, including but not limited to *ABC World News Tonight with Peter Jennings,*
19 NBC Channel 3 News, KGO TV, CBS Channel 5 News, ABC 7 News, KRON 4 News,
20 *Mornings on 2,* in addition to news organizations in other markets, such as San Diego
21 and Connecticut.

22
23     27.    The Oakland Coliseum complex is publicly owned property.  The parking
24 lots and pedestrian walkways outside the stadium are public fora.

25     28.    In August 2004, while the Ringling Bros. – Barnum & Bailey Circus was at
26 the Oakland Coliseum, Plaintiffs videotaped a Ringling employee abusing and beating an
27
28

1  elephant with a "bull hook" while that elephant and a nearby elephant were chained with

2  little room to move.

3        29.    Plaintiffs made this videotape from the exterior North public walkway ramp

4  of the Oakland Coliseum, a place from which they could view the elephants as they were

5  chained in the parking lot of the Coliseum.  This ramp is a pedestrian walkway outside

6  the stadium, over which people travel to attend events, and is a public forum.

7        30.    Dr. Colleen Kinzley, the curator of the Oakland Zoo, reviewed Plaintiffs'

8  August 2004, videotape on the news, and stated that the elephants depicted on the video

9
10  were exhibiting abnormal behavior in response to stress, which one does not see in wild

11  elephants or in elephants that have not spent time in chains.  In addition, she said the

12  Ringling employee appeared to have engaged in "random violence" toward the elephant.

13        31.    Plaintiffs' videotape received extensive local and national news coverage,

14  and prompted an investigation of Ringling by the United States Department of

15  Agriculture.
16

17        32.    The next time the Ringling Bros. Barnum & Bailey Circus came to Oakland

18  was in August 2005.

19        33.    Plaintiffs again went to tape record the condition and treatment of the

20  animals kept by the circus, as they had for years.

21        34.    Plaintiffs again went to the North ramp of the Oakland Coliseum, a public

22  walkway outside the stadium, where they could see into the elephant and animal pens in

23
24  the parking lot and videotape the condition and treatment of the animals.

25        35.    Plaintiffs peacefully stood off to the side on the ramp with their

26  videocamera, creating no disturbance, not blocking traffic, videotaping the condition of

27  the animals.

28

COMPLAINT AND JURY DEMAND                                                    7

1   36.   Defendants permitted other members of the public to traverse the ramp or
2   stand on the ramp outside the Coliseum.

3   37.   Upon information and belief, Defendants allow other people to stand,
4   congregate, display and sell or distribute wares, pass out buttons, flyers, promotional
5   materials and/or other items, on these public walkways and ramps outside the Coliseum.

6   38.   Defendants, their agents, employees, joint-venturers and co-conspirators
7   recognized Plaintiffs from previous circuses at which Plaintiffs had filmed, including
8   especially the August 2004 Ringling Bros. circus, where Plaintiffs had filmed evidence of
9
10  Ringling employees abusing elephants.

11  39.   Additionally, during the August 2005 circus, at various times from August 18
12  through August 20, Plaintiffs spoke to Defendants Valladon, Villegas, Ellis, and several
13  other Doe Defendant employees and agents of the municipal/corporate Defendants about
14  their views, and why Plaintiffs were there to film the condition and treatment of the
15  animals.
16

17  40.   Throughout the August 2005 Ringling Bros. - Barnum & Bailey Circus,
18  these Defendants, their employees and agents harassed, threatened, and intimidated
19  Plaintiffs in retaliation for their exercise of protected speech, association, conscience and
20  beliefs.

21  41.   All Defendants herein planned, authorized, directed, ratified, and/or
22  personally participated in the following conduct:
23
24      a.   Retaliating against Plaintiffs for their exercise of First Amendment
25          rights after Plaintiffs documented the August 2004 abuse of animals by the
26          Ringling Bros. – Barnum & Bailey Circus and provided that video to the
27          government and news outlets;
28

b.      Repeatedly threatening to arrest Plaintiff Deniz Bolbol if she did not leave the public walkway ramp outside the stadium, where she was filming the condition and treatment of the animals;

c.      Refusing to allow Plaintiffs on the public walkway ramp outside the stadium for the purpose of exercising their First Amendment rights unless they purchased a ticket to the circus;

d.      After being informed that Plaintiffs' conscience and beliefs caused Plaintiffs to not want to buy a ticket to a circus that abuses and mistreats animals, insisting that Plaintiffs buy a ticket if they wished to have access to the public walkway ramp outside the stadium in order to film the condition and treatment of the animals;

e.      Repeatedly telling Plaintiffs that if they purchased a ticket, they could go on the public walkway ramp;

f.      After Plaintiffs purchased a ticket to the circus in violation of their deeply held conscience and beliefs -- pursuant to the requirements of these Defendants, their agents and employees -- telling Ms. Bolbol she could not film into the parking lot from the public walkway ramp, and she was required to go into the circus (without her video camera);

g.      After Plaintiffs purchased a ticket to the circus in violation of their deeply held conscience and beliefs -- pursuant to the requirements of these Defendants, their agents and employees -- telling Plaintiff Bolbol that the ticket was for the wrong show, and she must leave the public walkway ramp outside the stadium;

h.     Telling Plaintiff Bolbol she could not bring her video camera onto the public walkway ramp;

i.     Telling Plaintiff Bolbol that if she returned to the ramp to film the elephants, she would be arrested and taken to jail where she would be subject to being strip searched;

j.     When Plaintiff Joseph Cuviello went onto the public walkway ramp with the ticket to film the condition and treatment of the animals, wrongfully arresting him for trespassing on August 20, 2005.

42.     At all material times, Plaintiffs were exercising their Constitutionally protected First Amendment rights to free speech, association, conscience, and beliefs, both collecting and disseminating information on matters of great public concern in a public forum.

43.     At all material times, each Plaintiff herein acted lawfully, never threatened any person, and never resisted any lawful order by any police officer.

44.     Plaintiffs' speech, association, conscience and beliefs were on matters of great public concern, being the subject of numerous news reports, discussions, debates, investigations, and animal rights projects throughout the world.

45.     Plaintiffs spoke out in opposition to the abuse and mistreatment of animals by circuses, Ringling Bros., in particular; videotaped evidence of that abuse and mistreatment; provided the evidence to the news media, the general public, and the government; educated the public about normal and abnormal behavior of the wild animals Defendants use and why Plaintiffs believe circuses should not use animals. In addition, Plaintiffs discussed these matters with the individual Defendants in this action.

46.   Defendants' speech-related conduct, practices, policies and customs, and Defendants' threats to arrest Plaintiffs, and arrest of Plaintiff Cuviello, have had a chilling effect on Plaintiffs', free speech, expression, and associations, and further constitute content-based regulation of Plaintiffs' speech, and prior restraints on protected expression and associations.

47.   Defendants' speech-related conduct, practices, policies and customs are unduly vague, overbroad, and are not narrowly tailored to accomplish any rational, legitimate, important, substantial, or compelling interest of Defendants.

48.   Defendants' requirement that Plaintiffs purchase a ticket to the circus, in contravention of their deeply held conscience and beliefs, in order to stand on a public walkway ramp outside the Coliseum to film into the Coliseum parking lot, constituted compelled speech in violation of Plaintiffs' First Amendment rights.

49.   Oakland Police Officers Valladon and Villegas repeatedly threatened Plaintiff Bolbol with arrest if she did not cease her constitutionally protected activity.  In addition to threatening Plaintiff Cuviello with arrest, these Defendant police officers did arrest Plaintiff Cuviello without warrant, probable cause, or other lawful process on August 20, 2005.

50.   Defendant "Skeet" Ellis ordered, assisted, authorized, encouraged, directed, procured, and requested the unlawful arrest of Plaintiff Joseph Cuviello, signing a wrongful "citizen's arrest" request without warrant, probable cause, or other legal right.

51.   These Defendants then caused the wrongful incarceration of Plaintiff Cuviello for over eighteen hours, with all attendant damages and injuries flowing therefrom.

COMPLAINT AND JURY DEMAND                                          11

52. In addition to Defendants' wrongful arrest and imprisonment of him, Plaintiff Cuviello also was maliciously prosecuted with malice and without probable cause, and for the purpose of denying him equal protection of the law under the Fourteenth Amendment and other rights protected by the First Amendment; those charges were based on false information and conduct from Defendants Villegas, Valladon, and Ellis, who wrongfully caused those charges to be filed; those charges were ultimately resolved in Mr. Cuviello's favor.

53. Defendants' conduct was objectively unreasonable under the circumstances.

54. DOE DEFENDANTS, planned, authorized, ordered, permitted, and ratified the individual Defendants' response to these Plaintiffs, including but not limited to the following:

    a. the threat of arrest and arrest of individuals behaving lawfully, in retaliation for their exercise of First Amendment rights;

    b. the arrest, incarceration, and recommendation/institution of charges against Joseph Cuviello without warrant, probable cause or legal right;

    c. the singling out of these Plaintiffs because of their viewpoints and the perceived content of their expression;

    d. requiring Plaintiffs to engage in compelled speech in violation of their deeply held conscience and beliefs;

    e. requiring Plaintiff Bolbol to cease her First Amendment protected activity and leave the public forum in which she was located, if she did not want to be arrested;

    f. denying Plaintiffs access to a public forum for the purpose of exercising their First Amendment rights;

    g. wrongfully causing baseless criminal charges against Joseph Cuviello to be filed.

55.    All Defendants, their employees, and agents, engaged in a concert of action and joint venture to deny Plaintiffs their rights to freedom of speech, association, conscience and beliefs, and Plaintiff Cuviello his right to be free from unreasonable seizures, without Plaintiffs' consent and in furtherance of a common scheme to violate these Plaintiffs' aforementioned rights, with knowledge of the conspiracy and its unlawful purpose.

56.    Defendants' conduct described herein was intended, and was reasonably likely, to deter and/or chill Plaintiffs' exercise of Constitutionally protected rights, and/or was in retaliation for Plaintiffs' exercise of Constitutionally protected rights.

57.    Defendants' conduct described herein had a chilling effect on Plaintiffs' exercise of their First Amendment rights.

58.    At all material times, Defendants' restrictions on Plaintiffs' protected First Amendment activity was unreasonable as to time, place, and manner.

59.    Plaintiffs' exercise of their First Amendment rights to freedom of speech, assembly, association, conscience, and beliefs, and the content and/or viewpoint of Plaintiffs' protected expression, or perceived expression, was a substantial or motivating factor for Defendants' conduct described herein.

60.    At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to each Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

61.    On information and belief, Defendants and other officers and employees/agents of municipal and/or corporate Defendants have given false statements, filed false police reports, concealed material information, improperly

investigated this matter, and have otherwise attempted to cover-up their and other officers' misconduct, violations of Constitutional rights, and other tortious and unlawful conduct.

62.   As a direct and proximate result of each Defendant's conduct as set forth above, Plaintiff Joseph Cuviello sustained a wrongful arrest and incarceration, malicious prosecution, and all damages and losses stemming therefrom, including loss of freedom, emotional distress, pain and suffering, lost wages, and attorneys' fees and costs incurred.

63.   As a direct and proximate result of each Defendant's conduct as set forth above, each Plaintiff sustained the following further injuries and damages, past and future, among others:

      a.   mental suffering and emotional distress;

      b.   interference with and violation of constitutional rights;

      c.   all damages and penalties recoverable under 42 USC § 1983 and federal civil rights law;

      d.   Compelled speech;

      e.   Suppression of speech and interference with beliefs and associations.

64.   Plaintiff Joseph Cuviello herein filed timely government claims, pursuant to California Government Code section 910 et seq., placing Defendants City of Oakland and Alameda County on official notice of his claims.  His state law claims herein are timely filed.

1

2

3

4

**COUNT ONE**
**-- 42 USC §1983 --**
**PLAINTIFFS CUVIELLO AND BOLBOL V.**
**DEFENDANTS OAKLAND POLICE OFFICER R. VALLADON (7194 P), OAKLAND**
**POLICE OFFICER R. VILLEGAS, "SKEET" ELLIS,**
**OAKLAND COLISEUM JOINT VENTURE, L.L.C, SMG, and Does 1-100**

5

6

7

65.     Plaintiffs reallege each and every paragraph in this complaint as if fully set

forth here.

8

9

10

11

12

13

14

66.     By the actions and omissions described above, OAKLAND POLICE

OFFICER R. VALLADON (7194 P), OAKLAND POLICE OFFICER R. VILLEGAS,

"SKEET" ELLIS, OAKLAND COLISEUM JOINT VENTURE, SMG, and DOES 1-100,

violated 42 USC §1983, depriving Plaintiffs of the following clearly-established and well-

settled constitutional rights protected by the First, Fourth, and Fourteenth Amendments to

U.S. Constitution:

15

16

    a.  The right to be free from unreasonable searches and seizures as
       secured by the Fourth Amendment (Plaintiff Cuviello);

17

18

    b.  The right to be free from wrongful arrest, detention, and imprisonment
       as secured by the Fourth Amendment (Plaintiff Cuviello);

19

20

21

    c.  The right to be free from interference with, or retaliation for, their
       exercise of constitutionally protected rights, including but not limited to
       speech, association, conscience, and beliefs, as secured by the First
       and Fourteenth Amendments (Plaintiffs Cuviello and Bolbol);

22

23

    d.  The right to be free from the deprivation of equal protection of the law as
       secured by the Fourteenth Amendment (Plaintiffs Cuviello and Bolbol);

24

    e.  The right to be free from malicious prosecution as secured by the Fourth
       and Fourteenth Amendments (Plaintiff Cuviello);

25

26

27

    f.   The right to be free from malicious prosecution for the purpose of
       depriving Plaintiff of rights secured by the First, Fourth, and Fourteenth
       Amendments (Plaintiff Cuviello).

28

67.   Defendants subjected Plaintiffs to Defendants' wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

68.   As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraphs 57, 62 and 63, above.

69.   The conduct of Defendants OAKLAND POLICE OFFICER R. VALLADON (7194 P), OAKLAND POLICE OFFICER R. VILLEGAS, "SKEET" ELLIS, OAKLAND COLISEUM JOINT VENTURE, L.L.C., SMG, and DOES 21-100, entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and California law.

70.   Plaintiffs also claim reasonable costs and attorneys' fees under 42 USC §1988 and as otherwise allowed by law, including but not limited to C.C.P. § 1021.5.

### COUNT TWO
### - 42 USC §1983 –
**PLAINTIFFS CUVIELLO AND BOLBOL V. DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, AND DOES 1-20**

71.   Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

72.   The unconstitutional actions and/or omissions of OAKLAND POLICE OFFICER R. VALLADON (7194 P), OAKLAND POLICE OFFICER R. VILLEGAS, "SKEET" ELLIS, OAKLAND COLISEUM JOINT VENTURE, L.L.C., SMG, DOES 1-20, as well as other officers/persons employed by or acting on behalf of these Defendants were pursuant to the following customs, policies, practices, and/or procedures of DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, and/or OAKLAND-ALAMEDA

1  COUNTY COLISEUM AUTHORITY, stated in the alternative, which were directed,

2  encouraged, allowed, and/or ratified by policy making officers for the Oakland Police

3  Department, Alameda County, and/or the Oakland-Alameda County Coliseum Authority:

4         a.    to cover-up police misconduct and violations of constitutional rights
5              by allowing, tolerating, and/or encouraging police officers to file false
            police reports, make false statements, falsely charge individuals with
6              crimes or wrongs, obstruct and/or interfere with investigations of
            unconstitutional, unlawful, or improper police conduct; by withholding
7              and/or concealing material information; and by ignoring and/or failing
            to properly and adequately investigate and discipline
8              unconstitutional, unlawful, or wrongful police activity;

9         b.    to allow, tolerate, and/or encourage the "Code of Silence" protecting
10             police officers from responsibility for their misconduct, including the
            suppression and/or fabrication of evidence and cover-up of police
11             misconduct;

12        c.    to interfere with, obstruct, and/or violate the rights of individuals in
            their exercise of constitutionally protected rights, and to chill and/or
13             deter those individuals from exercising their rights, including but not
            limited to their right to freedom of speech, association, conscience,
14             and beliefs;

15        d.    to detain, arrest, and/or incarcerate individuals who are peacefully
            and lawfully exercising their First Amendment rights, based on such
16             individuals' viewpoint and/or the perceived content of their
            expression, and with the intent to chill or prevent their further
17             exercise of First Amendment rights;

18        e.    to arrest individuals based on a citizen's request to make the arrest
            without independently determining that there is probable cause to
19             make the arrest.

20    73.    DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-

21 ALAMEDA COUNTY COLISEUM AUTHORITY, AND DOES 1-20 failed to properly train,

22 instruct, monitor, supervise, and discipline Defendants and other Police Department and

23

24 Oakland Coliseum security personnel, with deliberate indifference to Plaintiffs'

25 constitutional rights, which were thereby violated as described above.

26    74.    The unconstitutional actions and/or omissions of Defendants and other

27 Police Department and Oakland Coliseum personnel, as described above, were known,

28

1   and  were ordered, approved, tolerated and/or ratified by policy making officers for the

2   Oakland Police Department, the City of Oakland, Alameda County, and the Oakland-

3   Alameda County Coliseum Authority.

4        75.      The aforementioned customs, policies, practices, and procedures, as well

5   as the failures to properly and adequately train, instruct, monitor, supervise and discipline

6   of these aforementioned public entity Defendants were a moving force and/or a

7
    proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled
8
9   constitutional rights in violation of 42 USC §1983, as more fully set forth in ¶ 66, above.

10       76.      As a direct and proximate result of the unconstitutional actions, omissions,

11  customs, policies, practices and procedures of CITY OF OAKLAND, ALAMEDA

12  COUNTY, AND OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, as described

13  above, Plaintiffs sustained serious injuries and are entitled to damages, penalties, costs

14  and attorneys' fees as set forth in ¶¶ 57, 62, 63, 69 and 70, above.

15
                                   **COUNT THREE**
16  **-- DIRECT VIOLATION OF THE CALIFORNIA CONSTITUTION --**
                  **PLAINTIFF CUVIELLO V. ALL DEFENDANTS**
17

18       77.      Plaintiffs reallege each and every paragraph in this complaint as if fully set

19  forth here.

20       78.      Through their actions, omissions, customs, and policies as described

21  above, each Defendant violated each Plaintiff's rights protected by the California

22
    Constitution, including but not limited to the following:
23
                 a.  The right to be free from unreasonable searches and seizures as
24                   secured by the California Constitution, Article I, Section 13;

25               b.  The right to enjoy and defend life and liberty, acquire, possess and
26                   protect property, and pursue and obtain safety, happiness and privacy,
                     as secured by the California Constitution, Article I, Section 1;
27

28
    COMPLAINT AND JURY DEMAND                                                          18

c. The right to freely speak and express his sentiments on all subjects, including but not limited to the freedom of conscience, beliefs, and associations, as secured by the California Constitution, Article I, Section 2.

79.     As a direct and proximate result of Defendants' violation of Plaintiffs' rights under the California Constitution, Plaintiffs sustained injuries and damages as set forth at Paragraphs 57, 62, and 63, above, and Plaintiffs further claim all damages, penalties, and costs available under California law, including but not limited to C.C.P. § 1021.5.

## COUNT FOUR
## -- VIOLATION OF CIVIL CODE §52.1 --
## PLAINTIFF CUVIELLO V. ALL DEFENDANTS

80.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

81.     Defendants' acts, omissions, customs, and policies, as described above, violated Plaintiff's rights under California Civil Code §52.1, by interfering, or attempting to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of the State of California, including but not limited to 42 U.S.C. § 1983 and the following clearly-established rights under the United States Constitution and the California Constitution:

a. The right to be free from unreasonable searches and seizures as secured by the Fourth Amendment;

b. The right to be free from wrongful arrest, detention, and imprisonment as secured by the Fourth Amendment;

c. The right to be free from interference with, or retaliation for, his exercise of constitutionally protected rights, including but not limited to speech, association, conscience, and beliefs, as secured by the First and Fourteenth Amendments;

d. The right to be free from the deprivation of equal protection of the law as secured by the Fourteenth Amendment;

e. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article I, Section 1;

f. The right to freely speak and express his sentiments on all subjects, including but not limited to the freedom of conscience, beliefs, and associations, as secured by the California Constitution, Article I, Section 2;

g. The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article I, Section 7;

h. The right to equal protection of the laws as secured by California Constitution, Article I, Section 7.

82.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1, Plaintiff sustained injuries and damages as set forth in paragraphs 57, 62, and 63, above.  Further, Plaintiff claims all damages and penalties allowed by law, including California Civil Code §§52 and 52.1, and including costs, attorneys fees, treble damages, and civil penalties, including but not limited to attorneys' fees under C.C.P. § 1021.5.

**COUNT FIVE**
**-- FALSE ARREST --**
**PLAINTIFF CUVIELLO V. ALL DEFENDANTS**

83.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

84.     Defendants CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER R. VALLADON (7194 P), OAKLAND POLICE OFFICER R. VILLEGAS, OAKLAND COLISEUM ASSISTANT

SECURITY MANAGER "SKEET" ELLIS, AND DOES 1-100, arrested and/or caused to be arrested and/or authorized, ordered, procured, tolerated, or ratified the arrest of Plaintiff Joseph Cuviello without warrant, probable cause or other legal right, and had him incarcerated and charged in violation of law and his constitutional rights.

85.    As a direct and proximate result of Defendants' false arrest of Plaintiff Joseph Cuviello, Plaintiff Cuviello sustained injuries and damages as set forth above in paragraphs 57, 62, and 63, and is further entitled to damages, penalties, and costs as otherwise allowed under California law.

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

b.    punitive damages in an amount according to proof and which is fair, just, and reasonable;

c.    all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§ 1983, 1988, Cal. Civil Code §§ 52, 52.1, Cal. Code of Civil Procedure § 1021.5, and as otherwise allowed by law;

d.    injunctive relief, including but not limited to the following:

i.    an order prohibiting Defendants and their police officers, employees, and agents, from unlawfully interfering with the rights of Plaintiffs and others, to freedom of speech, association, assembly, beliefs and conscience;

ii.    an order prohibiting Defendants and their police officers, employees, and agents from discriminating or retaliating against Plaintiffs or others based upon their assertion of rights protected by the First and Fourteenth Amendments to the U.S. Constitution, and/or based on their viewpoint or the perceived content of their expression;

iii.    an order requiring Defendants, their employees and agents to give Plaintiffs equal access to other members of the public, with respect to all public parking lots, ramps, streets, sidewalks, walkways, and other public fora;

iv.   an order requiring Defendants to rescind all of their policies, practices, procedures, and/or customs allowing police officers, employees, and agents to deny Plaintiffs and others access to public parking lots, ramps, walkways, or other public fora without legal justification;

v.   an order requiring Defendants provide Plaintiffs with access to areas from which to have suitable views of the areas in which animals are kept, for the purpose of videotaping the condition and treatment of animals while any circus or event using animals is at the Oakland Coliseum;

vi.   an order prohibiting Defendants from requiring Plaintiffs to buy a ticket to an event at the Oakland Coliseum in order to stand in the parking lot, public walkway ramps, exterior walkways, or other public forum areas outside the stadium;

vii.   an order requiring Defendants to train all of their employees and agents concerning the law and this Court's orders concerning the issues raised in injunctive relief requests i-vi, above;

e.   such other and further relief, including injunctive relief, as this Court may deem appropriate.

DATED:   August ___, 2006

_____
JOSEPH CUVIELLO

_____
DENIZ BOLBOL

In Pro Per

## **JURY DEMAND**

Plaintiffs hereby request a trial by jury.

DATED:      August _____, 2006

 

 

 

 

_____
JOSEPH CUVIELLO

 

 

_____
DENIZ BOLBOL

In Pro Per