UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO, *et al.*, | No. C-06-5517 MHP (EMC) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' EX PARTE APPLICATIONS TO MODIFY COURT SCHEDULING ORDER** |
| CITY OF OAKLAND, *et al.*, | |
| Defendants. | **(Docket Nos. 131, 135)** |
| _____/ | |

    Defendants have filed ex parte applications for modification of the scheduling order, which Judge Patel has referred to the undersigned. *See* Docket No. 139 (referral order). In their application, Defendants seek leave to file their own motions for summary judgment. Plaintiffs have already filed their own motion for partial summary judgment, which is currently set for hearing on February 25, 2009.

    As a preliminary matter, the Court rejects Plaintiffs' contention that Defendants' applications should be denied because they should not have been filed ex parte, *see* Civ. L.R. 7-10, and because they are not administrative motions for purposes of Civil Local Rule 7-11. Although Defendants' applications are captioned "ex parte," they were not in fact ex parte -- *i.e.*, notice of the applications was given to Plaintiffs through e-filing.[1] Furthermore, while the applications may not be administrative motions for purposes of Civil Local Rule 7-11, Plaintiffs have already filed a

---

[1] This case was designated as an e-filing case on May 1, 2007. *See* Docket No. 29 (minute order).

1  substantive opposition so they will not be prejudiced by the Court now considering the applications
2  on their merits.
3  　　　　Turning to the merits, the Court notes that, pursuant to Federal Rule of Civil Procedure
4  16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R.
5  Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party
6  seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.
7  1992)). "Although the existence or degree of prejudice to the party opposing the modification might
8  supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's
9  reasons for seeking modification." *Id.*
10 　　　　As for good cause, Defendants have offered evidence that the date set in the civil minute
11 order of October 6, 2008, was a date meant for *Plaintiffs'* motion for summary judgment, not
12 Defendants'. *See* Baldwin Decl. ¶¶ 3-4; *see also* Docket No. 85 (Defs.' St. at 3) (asking that
13 dispositive motions be heard no later than 120 days before trial). Although Plaintiffs have not
14 offered any evidence to the contrary, the minute order literally applies to all "motions." Defendant
15 apparently made no effort to seek clarification from the district court. Nor do they explain why they
16 waited so long to seek leave to file their motion.
17 　　　　On the other hand, there is limited good cause for the request for modification in light of
18 recent case law that is relevant to the instant case, including *Cuviello v. City of Stockton*, No. CIV S-
19 07-1625 LKK/KJM, 2009 U.S. Dist. LEXIS 4896 (E.D. Cal. Jan. 26, 2009).
20 　　　　In view of the limited grounds for good cause, the Court shall expedite the briefing and hold
21 a consolidated hearing on both motions.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, Defendants' request for leave to file their own motions for summary judgment is hereby granted. Defendants' motions for summary judgment shall be filed by February 11, 2009. Any opposition shall be filed by February 18, 2009. A hearing on both Plaintiffs' and Defendants' motions shall be held on March 4, 2009, at 3:00 p.m.

This order disposes of Docket Nos. 131 and 135.

IT IS SO ORDERED.

Dated: February 4, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

3