UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. CUVIELLO, *et al.*,

    Plaintiffs,

v.

CITY OF OAKLAND, *et al.*,

    Defendants.
_____/

No. C-06-5517 MHP (EMC)

**ORDER SCHEDULING EVIDENTIARY HEARING FOR PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE RE CONTEMPT AND SANCTIONS**

**(Docket No. 87)**

    Plaintiffs Joseph Cuviello and Deniz Bolbol have filed suit against various defendants for violation of their civil rights pursuant to both federal and state law. Currently pending before the Court is Plaintiffs' motion for an order to show cause. Plaintiffs ask that the Court order the City, the County, the Authority, the Joint Venture, and SMG (collectively, "Defendants") to show cause why they should not be held in contempt of a stipulated preliminary injunction order and sanctioned. At a hearing held on March 11, 2009, Plaintiffs asked for the first time that the Court conduct an evidentiary hearing on their motion. For the reasons discussed below, the Court grants the request for an evidentiary hearing but limits its scope.

## I.    FACTUAL & PROCEDURAL BACKGROUND

    This Court previously issued a report and recommendation on Plaintiffs' motion for a preliminary injunction, *see* Docket No. 47 (R&R, filed on 8/14/07), which Judge Patel adopted in its entirety. *See* Docket No. 48 (order, filed on 8/15/07). The preliminary injunction recommended and ultimately adopted by Judge Patel enjoined Defendants

> from: (1) requiring Plaintiffs to have a ticket in order to enter the north ramp and videotape at the north ramp landing; (2) refusing to permit Plaintiffs, and up to four additional persons acting in concert with Plaintiffs, to stand at or near the railway of the north ramp landing in order to photograph or videotape circus animals; and (3) harassing or preventing Plaintiffs from reaching the north ramp landing, absent a law violation.

Docket No. 47 (R&R at 10-11).

After the report and recommendation was issued and adopted, Plaintiffs went to the Arena to exercise their right to free speech during a Ringling Brothers Circus engagement, which lasted from August 16 to 19, 2007. *See* Docket No. 76 (Order at 2). According to Plaintiffs, during this time, the City and SMG violated the terms of the preliminary injunction and thereafter Plaintiffs moved for an order to show cause regarding contempt and sanctions. *See* Docket No. 54 (motion, filed on 10/22/07).

Judge Patel held an evidentiary hearing on Plaintiffs' motion in January 2008. *See* Docket Nos. 71-72 (minute order and transcript of hearing). Subsequently, she issued an order denying Plaintiffs' motion. *See* Docket No. 76 (order, filed on 6/23/08). In the order, Judge Patel noted, *inter alia*, that Defendants had not violated the terms of the preliminary injunction by restricting access to the east staircase because the preliminary injunction addressed only the north ramp and landing. *See* Docket No. 76 (Order at 8). In a footnote, Judge Patel advised Plaintiffs "to seek a more specific injunction to preempt such disputes." *See* Docket No. 76 (Order at 11 n.6.).

Plaintiffs seem to have taken Judge Patel's advice to heart. Approximately two weeks after Judge Patel's order was issued, they filed a motion to modify the preliminary injunction. *See* Docket No. 77 (motion, filed on 7/7/08). One of Plaintiffs' requests was that the preliminary injunction "be modified to protect [their] rights in all exterior fora of the [A]rena property." Docket No. 77 (Mot. at 2). Plaintiffs seemed particularly concerned, however, about the northeast staircase. *See* Docket No. 77 (Mot. at 4). Plaintiffs also asked that the preliminary injunction be modified so that Defendants could not physically touch either Plaintiffs or their property. *See* Docket No. 77 (Mot. at 7).

2

United States District Court
For the Northern District of California

Plaintiffs' motion was ultimately rendered moot because the parties entered into a stipulated preliminary injunction, which Judge Patel signed on August 1, 2008. *See* Docket No. 81 (stipulation and order). The new terms of the preliminary injunction were as follows:

> 1) Absent a violation of law, plaintiffs are allowed to fully access the exterior areas of the arena, and freely move between said areas, including the north ramp landing, the northeast stairs which lead down from the north ramp landing alongside the north tunnel, and the area at the base of the northeast stairs.
>
> 2) Defendants are enjoined from physically touching plaintiffs and their person property, save law enforcement making a lawful arrest, and only then to the extent reasonably necessary to effect the arrest.
>
> 3) Absent a violation of law, defendants are enjoined from interfering in any way with plaintiffs' lawful free speech activities.

Docket No. 81 (Stip. & Order at 1-2).

In the currently pending motion, Plaintiffs claim that the City, the County, the Authority, the Joint Venture, and SMG violated the terms of the stipulated preliminary injunction and therefore should be held in contempt and sanctioned. Plaintiffs do not specify in their motion what specific sanctions are sought but suggest that there should be a compensatory monetary award. *See* Mot. at 8.

According to Plaintiffs, the above Defendants violated the terms of the stipulated preliminary injunction in three ways: (1) by restricting the area around the entrance to the Animal Open House to ticketed persons only and then having Plaintiffs arrested for being in the restricted area without a ticket; (2) by requiring Plaintiffs to have a police escort in order for them to access the western part of the north landing; and (3) by a police officer informing Ms. Bolbol that, if she accessed a parking lot area near the animal compound, he would likely arrest her if asked.

### III. DISCUSSION

A. <u>Legal Standard</u>

A court has power to adjudge in civil contempt any person who disobeys a "specific and definite . . . order" by

3

> fail[ing] to take all reasonable steps within the party's power to comply. The contempt "need not be willful," and there is no good faith exception to the requirement of obedience to a court order. But a person should not be held in contempt if his action "'appears to be based on a good faith and reasonable interpretation of the [court's order].'" "Substantial compliance" with the court order is a defense to civil contempt, and is not vitiated by "a few technical violations" where every reasonable effort has been made to comply.
>
> The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by "clear and convincing evidence," not merely a preponderance of the evidence.

*Go-Video v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993).

Should a court find a party in contempt, the court has discretion in deciding whether to impose sanctions. *See General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). "Sanctions for civil contempt may be imposed to coerce obedience to a court order,[1] or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior,[2] or both." *Id.*

B.      No Vague or "Obey the Law" Injunctions

As indicated above, contempt may be issued against a party only if it is violation of a specific and definite order. That there must first be a specific and definite order is dictated by Federal Rule of Civil Procedure 65(d), which provides that "[e]very order granting an injunction

---

[1] As a general matter, a "district court 'should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders.'" *United States v. Alfredofllores*, 628 F.2d 521, 527 (9th Cir. 1890); *see also United States v. United Mine Workers*, 330 U.S. 258, 303 (1947) (noting that, "where the purpose is to make the defendant comply, . . . [the court] must then consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired"); *Citronelle-Mobile Gathering Inc., v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (noting that "[s]anctions may be imposed to coerce the contemnor to comply with the court's order, but may not be so excessive as to be punitive in nature"); *cf. Republic of Philippines v. Westinghouse Elec.*, 43 F.3d 65, 74 (3d Cir.1994) (noting that "a pattern of wrongdoing may require a stiffer sanction than an isolated incident; a grave wrongdoing may compel a more severe sanction than might a minor infraction; and wrongdoing that actually prejudices the wrongdoer's opponent or hinders the administration of justice may demand a stronger response than wrongdoing that, through good fortune or diligence of court or counsel, fails to achieve its untoward object"; adding that "there may be mitigating factors that must be accounted for in shaping the court's response").

[2] "Where compensation is intended, a fine is imposed, payable to the complainant. Such fine must of course be based upon evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." *United Mine Workers*, 330 U.S. at 303.

must . . . state its terms specifically" as well as "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(B)-(c).

Notably, courts have held that not only vague injunctions but also injunctions that simply require a defendant to "obey the law" fail to comply with Rule 65(d). As explained by one circuit court:

> Under Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." "To comply with the specificity and clarity requirements, an injunction must 'be specific and definite enough to apprise those within its scope of the conduct that is being proscribed.'" "This rule against broad, vague injunctions 'is designed to prevent uncertainty and confusion on the part of those to whom the injunction is directed,' and to be sure 'that the appellate court knows precisely what it is reviewing.'"

*S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240-41 (2d Cir. 2001); *see also Burton v. City of Belle Glade*, 178 F.3d 1175, 1200-01 (11th Cir. 1999) (noting that, pursuant to Rule 65(d), "an injunction must 'contain "an operative command capable of enforcement"'" and that a court is not capable of enforcing "so broad and vague an injunction" that simply requires that one obey the law).

In the instant case, the second provision of the stipulated protective order basically states that Defendants are permitted to make only lawful arrests of Plaintiffs. The third provision states that Defendants are barred from interfering with Plaintiffs' free speech rights. In essence, both provisions are "obey the law" injunctions and thus not enforceable. *Compare, e.g.*, *Keyes v. School Dist. No. 1*, 895 F.2d 659, 668-69 & n.5 (10th Cir. 1990) (stating that provisions of injunction that prohibited defendants "'from discriminating on the basis of race, color or ethnicity in the operation of the school system'" and directing defendants "'to use their expertise and resources to comply with the constitutional requirement of equal education opportunity for all who are entitled to the benefits of public education in Denver, Colorado'" were obey the law injunctions); *Payne v. Travenol Labs., Inc.*, 565 F.2d 895, 897 (5th Cir.1978) (stating that injunction that prohibited "'discriminating on the basis of color, race, or sex in employment practices or conditions of employment'" was a general obey the law injunction).

Accordingly, at the evidentiary hearing on Plaintiffs' motion, the Court shall consider only whether there has been a violation of the first provision -- *i.e.*, the provision that,

> [a]bsent a violation of law, plaintiffs are allowed to fully access the exterior areas of the arena, and freely move between said areas, including the north ramp landing, the northeast stairs which lead down from the north ramp landing alongside the north tunnel, and the area at the base of the northeast stairs.

Docket No. 81 (Stip. & Order at 1). The Court notes that, although the first provision does not expressly state that Plaintiffs were to have access in order to exercise their free speech rights, given the history of this case, that was implicit.

C.   Western Portion of North Landing

As noted above, in their motion, one of Plaintiffs' contentions is that Defendants acted improperly by requiring Plaintiffs to have a police escort in order to access the western part of the north landing. The Court shall not consider this contention at the evidentiary hearing because Defendants' actions did not violate the first provision of the preliminary injunction. Simply because Plaintiffs were required to have an escort does not mean that they were denied access or were not permitted to move freely.

D.   Parking Lot by Animal Compound and Entrance to Animal Open House

Plaintiffs also contend that Defendants acted improperly by (1) by restricting the area around the entrance to the Animal Open House to ticketed persons only and then having Plaintiffs arrested for being in the restricted area without a ticket; and (2) by a police officer informing Ms. Bolbol that, if she accessed a parking lot area near the animal compound, he would likely arrest her if asked. Because, based on the paper record, the Court cannot determine whether any alleged violations of the first provision of the preliminary injunction were only technical violations and whether there was substantial compliance, the Court grants Plaintiffs' request for an evidentiary hearing. The Court notes that none of the defendants objected to Plaintiffs' request.

### III.   CONCLUSION

The evidentiary hearing shall take place on **May 15, 2009, at 9:30 a.m.** By April 22, 2009, the parties shall file and serve (1) a witness list and (2) a list of exhibits. The list of exhibits should include the name of the sponsoring witness (if needed) and the purpose for which the exhibit is being offered. Any objections to a witness or exhibit must be filed and served by April 29, 2009.

As discussed above, the scope of the evidentiary hearing shall be limited to whether the first provision of the preliminary injunction was violated when (1) Defendants' purportedly restricted the area around the entrance to the Animal Open House to ticketed persons only and then had Plaintiffs arrested for being in the restricted area without a ticket; and (2) a police officer purportedly informed Ms. Bolbol that, if she accessed a parking lot area near the animal compound, he would likely arrest her if asked.

IT IS SO ORDERED.

Dated: March 19, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge