UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CUVIELLO, et al., | No. C 06-5517 MHP |
| Plaintiffs, | |
| v. | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| CITY OF OAKLAND, et al., | |
| Defendants. | |

      This matter was referred to Magistrate Judge Edward M. Chen for the purpose of providing a Report and Recommendation containing findings and conclusions regarding plaintiffs' motion for partial summary judgment, City defendants' motion for summary judgment or alternatively for partial summary judgment, and County defendants' and SMG defendants' motion for partial summary judgment. The Magistrate Judge filed his Report and Recommendation on July 20, 2009. The parties filed objections and replies to the Report and Recommendation. The court has reviewed the Report and Recommendation, and the parties objections, and finds that the Report and Recommendation is supported by the facts and record in this case and by the relevant case law relied upon by the Magistrate Judge. The following discussion elaborates on two specific issues raised in the parties' objections to the Report and Recommendation.

I.      Punitive Damages and Civil Penalty under California Civil Code Section 52.1

In his Report and Recommendation, the Magistrate Judge correctly found that a violation of California Civil Code section 52.1 based upon a content-neutral regulation could give rise to a civil penalty and punitive damages under section 52(b), but does not do so as a matter of law in this case. *See* Docket No. 218 (Report and Recommendation) at 39. The language of section 52.1 provides that damages are available under section 52, but does not clearly state whether such damages are pursuant to section 52(a), section 52(b) or both. *See* Cal. Civ. Code §52.1. The Magistrate Judge found that a plaintiff who prevails on a section 52.1 claim could obtain damages under both subsections but that recovery under section 52(b), which includes punitive damages and a civil penalty, is not automatic. *See* Cal. Civ. Code § 52(b). Because damages are more substantial under section 52(b) and because that section specifically compensates for serious offenses such as threats or violence based upon protected characteristics such as race and gender, the Magistrate Judge held that section 52(b) is intended to provide compensation only for serious violations. *See* Report and Recommendation at 38-39. Because of the greater quantum of damages and penalties available under this subsection, the Magistrate Judge found that plaintiffs should have to prove a certain level of severity in defendants' violation of section 52.1. *Id.* The Magistrate Judge made clear, however, that plaintiffs' content-based restriction claims and other claims implicating section 52 could warrant damages under both sections 52(a) and 52(b). *Id.* at 39.

Plaintiffs argue that the Magistrate Judge construed sections 52.1 and 52 incorrectly and that plaintiffs are entitled to civil penalties and punitive damages for defendants' violation of section 52.1. Plaintiffs are correct that courts have held a violation of section 52.1 itself not to require any heightened severity. *See Venegas v. County of Los Angeles*, 32 Cal. 4th 820 (2004) (holding section 52.1 not to require showing of actual intent to discriminate). However, plaintiffs have not provided, and the court has not found, clear authority in either legislation or case law suggesting that every violation of section 52.1 gives rise to damages under both subsections of section 52. The court finds the Magistrate Judge's conclusion that penalties and punitive damages under section 52(b) are not automatic for a violation of section 52.1 to be the most reasonable interpretation of the statute.

2

II. <u>Equal Protection Analysis</u>

In denying defendants' motion for summary judgment on plaintiffs' equal protection claims, the Magistrate Judge found that a genuine dispute of material fact existed as to whether defendants intentionally discriminated against plaintiffs in order to suppress their political viewpoint. *See* Report and Recommendation at 57. The violation of the First Amendment right to free speech in the form of content-based discrimination may serve as the basis for an Equal Protection claim. In some cases free speech and Equal Protection analyses work in tandem, but if a restriction burdens the fundamental right to free speech, that restriction is subject to heightened scrutiny and can be the basis for an Equal Protection violation. *See Rubin v. City of Santa Monica*, 308 F.3d 2008 (9th Cir. 2002) (finding rational basis review appropriate for Equal Protection claim unless restriction unconstitutionally burdened fundamental right to free speech); *see also Prince v. Jacoby*, 303 F.3d 1074 (9th Cir. 2002) (finding violation of fundamental right to free speech could implicate Equal Protection violation). In the present case, if it is found that defendants intentionally discriminated against plaintiffs in violation of plaintiffs' rights to free speech, an Equal Protection claim could be successful. For this reason, the Magistrate Judge correctly reserved this issue for trial.

III. <u>Issues Remaining for Trial</u>

Based upon the Magistrate Judge's findings, the court holds the following issues require determination at trial: (1) As to both plaintiffs' claims that the speech restrictions were content neutral but violated free speech rights, actual damages must be determined against the following defendants under California Civil Code section 52.1: defendant individual police officers, City, Ellis, Joint Venture, and SMG; (2) As to both plaintiffs' claims that the speech restrictions were content-based in violation of plaintiffs' free speech rights under California Civil Code section 52.1, both damages and liability must be determined for defendant individual police officers, City, Ellis, Joint Venture, and SMG; (3) As to both plaintiffs' section 1983 claims based on the assertion that speech restrictions were content-neutral, defendant City's liability based upon a delegation theory must be determined, and liability must be determined as to defendants County and SMG; (4) As to both plaintiffs' section 1983 claims based on the assertion that speech restrictions were content-based,

3

liability as to all defendants must be determined, except for defendant City, which may only be held liable on a delegation theory; (5) As to both plaintiffs' Equal Protection claims under California Civil Code section 52.1 and section 1983, liability must be determined as to all defendants; (6) As to plaintiff Cuviello's claim of an unlawful seizure in violation of California Civil Code section 52.1, damages must be determined as to defendants Ellis, Joint Venture, and SMG; (7) As to plaintiff Cuviello's claim of an unlawful seizure in violation of section 1983, (a) liability for defendant individual officers should be determined to the extent that the officers were aware of viewpoint discrimination against Cuviello when they arrested him, (b) defendants Joint Venture and SMG's liability must be determined, and (c) damages for defendant Ellis's violation of section 1983 must be determined; (8) As to plaintiff Cuviello's section 1983 claim for malicious prosecution, liability of defendant individual police officers and defendant Ellis must be determined; (9) As to plaintiff Bolbol's claim of assault and battery, liability of defendants Joint Venture and SMG must be determined; and (10) As to plaintiff Bolbol's claim under California Civil Code section 51.7, liability of defendants Joint Venture and SMG must be determined.

IV.   Conclusion

In accordance with the foregoing, the Magistrate Judge's Report and Recommendation is adopted in its entirety subject to the above rulings.

IT IS SO ORDERED.

Dated: November 3, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California