UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CUVIELLO AND DENIZ BOLBOL, | No. C 06-5517 MHP |
| Plaintiffs, | **MEMORANDUM & ORDER** |
| v. | **Re: Defendants' Motion to Modify the Preliminary Injunction** |
| CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER R. VALLADON, OAKLAND POLICE OFFICER R. VILLEGAS, OAKLAND COLISEUM ASSISTANT SECURITY MANAGER "SKEET" ELLIS, AND DOES 1-100, | |
| Defendants. / | |

Plaintiffs filed suit against various defendants alleging violations of their civil rights. Before the court is defendants' motion to modify the preliminary injunction currently in place. Docket No. 320 (Motion). Having considered the parties' submissions and arguments, the court enters the following memorandum and order.

BACKGROUND

On August 4, 2009, Magistrate Judge Chen made the following findings and recommendations:

> The animal compound has a wall around its perimeter. Plaintiffs wish to access the area directly adjacent to the walls of the animal compound in order to videotape animals in the compound. Defendants contend that there should be no access because the public does not have general access to the parking lot area surrounding the animal

> compound as that is where trucks and other circus equipment is housed. The parking lot area which houses the trucks and other circus equipment has been referred to as the 'truck corral' by Defendants.
>
> . . .
>
> As noted above, the areas adjacent to the perimeter wall in question is used to store trucks and other circus equipment. While there is a legitimate reason to restrict the public from generally accessing this area, Plaintiffs' video footage from August 2008 reflects that a number of patrons manage to walk through the truck corral on their way to the animal compound or Arena. In other words, security is not strict. To be sure, Defendants presented evidence at the contempt hearing of a constant effort by security to keep patrons out of the corral. The success of those efforts is not clear. In any event, based on the footage, there is no indication that there would be any significant harm either to Defendants or to the circus if Plaintiffs alone, and a limited number of people acting in concert with them, were permitted to access a path directly adjacent to the perimeter wall. It is highly unlikely that there would be any circus equipment in close proximity to the wall.
>
> The Court concludes that there are at least serious questions on the merits as to whether this area constitutes a public forum under the California Constitution (i.e., whether Plaintiffs' access would be basically incompatible with normal activity in this area) and whether the restrictions are constitutional. Moreover, because access can be restricted so as to minimize any harm to Defendants, the balance of hardships tips decidedly in Plaintiffs' favor. Accordingly, the Court recommends that the preliminary injunction be modified to permit Plaintiffs, and a limited number of people acting in concert with them, access to a 'walkway' running along the perimeter wall of the animal compound. The walkway shall be no wider than three feet.

Docket No. 235 (R&R) at 5-6. The court adopted this finding and recommendation in its entirety. Docket No. 240 (Order). During the 2010 circus, defendants intend to install a six-foot chain link fence to prohibit the general public from entering the "truck corral." Based on this changed circumstance, defendants seek modification of the preliminary injunction, which currently allows plaintiffs access to "[a] three-foot wide walkway running alongside the perimeter wall of the animal compound." R&R at 12.

LEGAL STANDARD

"[A] district court retains jurisdiction to modify the terms of its injunctions in the event that a change in circumstances requires it." *Anderson v. Central Point Sch. Dist.*, 746 F.3d 505, 507 (9th Cir. 1984). "A party seeking modification . . . of an injunction bears the burden of establishing that

2

a significant change in facts or law warrants revision . . . of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).

DISCUSSION

Parking lots associated with public entertainment venues are generally considered public fora. *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 857-58 (9th Cir. 2004) ("We hold that protest activity is not inherently incompatible with the activity to which the parking lots and walk-ways outside the Cow Palace are dedicated, and that those areas are therefore public fora for purposes of California Liberty of Speech Clause analysis."). However, this "does not give demonstrators free rein" at the public venue. *Id.* Reasonable time, place and manner restrictions may be imposed so long as these restrictions pass Constitutional muster. *Id.* Restrictions pass muster "provided the restrictions 'are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.'" *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (quoting *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984)).

Stricter security measures with respect to access to the truck corral constitute changed circumstances that bear upon whether the restrictions sought by defendants are a valid time, place or manner restriction. Defendants claim they intend to install the chain-link fence to alleviate potential security, safety and asset protection concerns. There is little doubt that a contiguous six-foot fence will limit the number of patrons who manage to walk through the truck corral on their way to the animal compound or the Arena.

Although there is no indication that there would be any significant harm either to defendants or to the circus if plaintiffs were permitted to access a path directly adjacent to the animal compound, the "harm" prong of the preliminary injunction analysis should not be conflated with whether the proposed restriction is a valid time, place, and manner restriction as set forth in *Ward*. The elimination of access to the "three-foot wide walkway running alongside the perimeter wall of

3

the animal compound," and consequently, creation of a restriction on speech in that walkway, meets all three *Ward* factors.

Firstly, the restriction is independent of the content of the speech within the walkway—no member of the public may speak within the walkway adjacent to the animal compound.

Secondly, the elimination is narrowly tailored to serve security, safety and asset protection purposes. Subsequent to the installation of the chain-link fence, the normal activity of the area within the fence, but outside the animal compound, will be to house defendants' trucks and equipment. Ron Little, the general manager of defendant SMG, testified that the "existence of any members of the public in the Truck Compound creates potential risks related to safety, security and asset protection. The Truck Corral houses Circus wagons, trucks, truck trailers and equipment. At times during the dates the Circus is at the Arena, these wagons, trucks, truck trailers and equipment are moved in and out of the [sic] and around the Truck Corral. Such movement could potentially cause an injury to a member of the public who was not anticipated to be present in the Truck Corral. Further, the safekeeping of the wagons, trucks, truck trailers and equipment is potentially at risk if individuals other than Circus staff and event staff gain access to the Truck Corral." Docket No. 320-2 (Little Dec.) ¶ 2. Thus, the safety concerns are obvious—harm to members of the general public. Indeed, defendants admit that their past efforts at restricting access have been unsuccessful, thereby necessitating the need for stricter restrictions. The security and asset protection concerns relate to defendants' desire to secure their private property from theft or destruction. Although defendants have failed to provide evidence of actual security, safety or asset protection breaches, this failure does not render their concerns speculative. Although persuasive, defendants need not always actually incur harm prior to embarking upon stricter security measures in order to justify those measures. The concerns identified by defendants have always existed, as pointed out in Judge Chen's order quoted above. *See* R&R at 5-6 ("patrons manage to walk through" the truck corral area; "constant effort by security to keep patrons out of the corral."). Defendants now simply seek to eliminate these concerns through more severe security measures than those employed in the past.

Thirdly, the elimination leaves open ample alternative channels—the adjacent public fora—for communication.

4

Accordingly, the preliminary injunction is modified to eliminate the "three-foot wide walkway running alongside the perimeter wall of the animal compound" provision; instead, plaintiffs, and a limited number of people acting in concert with them, are permitted access to a three-foot "walkway" running along the outside of the chain link fence that encloses the truck corral.

Plaintiffs claim that the walkway outside the animal compound has historically been open to non-ticketed pedestrians and therefore defendants cannot now restrict access. Specifically, they claim to have had unfettered accessed to the perimeter for the past 22 years. Docket No. 331 (Cuviello Dec.) ¶¶ 2-8. However, the fact that the public was able to access the perimeter of the animal compound due to insufficient security measures does not mean that the public was within its rights to do so. Moreover, since the area to which plaintiffs seek access is a part of the Arena parking lot, it may be used for various purposes depending upon the nature of the event being hosted by the Arena. Because the Arena is a multi-purpose venue, the historical import of a particular sliver of the parking lot that, for a few days a year over the past couple of decades, has served as the perimeter of the animal compound, is unclear. Therefore, plaintiffs' argument cannot carry the day.

Finally, defendants also seek elimination of the second prong of the preliminary injunction; however, they have not presented changed circumstances justifying its elimination. It is unclear whether patrons must always use the corridor to enter and exit the animal compound. Specifically, evidence submitted by defendants suggests that instead of using the "chute," patrons may gain access to the animal compound by walking around the truck corral perimeter to the other side of the animal compound entrance. *See* Little Dec., Exh. A (Map). Thus, no modification of the second prong is warranted at this time.

CONCLUSION

For the foregoing reasons, defendants' motion to modify the preliminary injunction is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: August 11, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

5