February 23, 2012

**VIA E-FILING AND CHAMBERS COPY**

The Hon. Edward M. Chen
Courtroom 5, 17th Floor
450 Golden Gate Avenue
San Francisco, California 94102

      Re: ***Cuviello v. City of Oakland, et al.***, No. 06-CV-05517 EMC

Dear Judge Chen:

Pursuant to the Court's Civil Standing Order on Discovery, intervening party, Feld Entertainment, Inc. ("Feld Entertainment"), and plaintiff, Joseph Cuviello ("Cuviello"), submit this joint letter brief about Mr. Cuviello's responses to Feld Entertainment's Request for Production of Documents, Set One, and Interrogatories, Set One.

On October 19, 2011, Feld Entertainment served Mr. Cuviello with its first set of requests for production of documents and its first set of interrogatories. The document request consisted of seventeen (17) separate requests, but Mr. Cuviello's response, served on November 21, 2011, provided no responsive documents.

On December 7, 2011, Feld sent Mr. Cuviello a letter addressing his objections. Mr. Cuviello supplemented his responses on December 13, 2011 and participated in a call with Feld's counsel to discuss the remaining discovery issues. Mr. Cuviello agreed to supplement several of his responses and the parties met in person on January 27, 2012, to confirm this agreement and attempt to resolve the lingering issues. However, the Court's assistance is needed on these remaining issues.

**Request for Production Nos. 1 and 2**
These requests seek videos taken during Ringling Bros.' engagements in Oakland, from January, 2000, until the present.

[Deny]

Feld Entertainment's Position: Throughout this litigation, Mr. Cuviello has submitted statements under oath that he has been videotaping the circus' treatment of animals at the Oracle Arena for over twenty years. (See Docket Nos. 331, ¶ 2 and 387, ¶ 6.) Therefore, he has put these videos at issue by referring to them repeatedly and classifying them as an exercise of his free speech rights. Feld's position is that all responsive video should be produced and that the "burdensome" objection is improper without any evidence revealing the nature of the alleged burden.[1] Feld's

---

[1] Feld referred Mr. Cuviello to the *Allianz* case, where the Court held that the objecting party must show <u>specifically</u> how each question is overly broad or burdensome by submitting affidavits or offering evidence revealing the nature of the burden. *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470-CM-DJW, 2005 U.S. Dist. LEXIS 301, *6 (D. Kan. Jan. 7, 2005) (emphasis added).

**McManis Faulkner**     Telephone 408.279.8700  |  Facsimile 408.279.3244  |  mcmanislaw.com
Fairmont Plaza, 10th floor, 50 W. San Fernando Street, San Jose, California 95113

The Hon. Edward M. Chen
February 23, 2012
Page 2

position is that because the videotaping activity is relevant to the injunctive relief aspect of this lawsuit, Feld is entitled to discovery of these videos.[2]

Plaintiff Cuviello's Position: The request is not relevant to Plaintiff's request for injunctive relief, to which Feld's interest is limited. To the extent the videos offer proof of Plaintiff's videotaping activity, the protection of which is the basis of his request for injunctive relief, the videos may be relevant. However, their overall content is not relevant. Feld can obtain Proof of Plaintiff's videotaping activity from other sources including, but not limited to: (1) the video evidence Plaintiff has already submitted in this case; (2) questioning of their own employees and owners; and (3) the website links Plaintiff provided Feld. These requests involve 200 hours of video. Producing such would be overly burdensome as Plaintiff would have to go through each hour of video to edit out inadvertently recorded private conversations.

### Request for Production Nos. 3 and 4
These requests seek videos of Ringling Bros. during their engagements in California from January, 2000, until the present.

Feld Entertainment's Position: The "burdensome" objection is insufficient without further specificity and these videos are relevant because of Mr. Cuviello's statements that he has been videotaping the circus for <u>over twenty years</u>. He has put these videos at issue by referring to them repeatedly and classifying them as an exercise of the very same free speech rights that are at issue in this case. [Deny]

Plaintiff Cuviello's Position: The request is not relevant to the request for injunctive relief which is limited to free speech activities at the Oakland Arena and will have no force of law on activities at other venues. See also Plaintiff's position on above "Request for Production Nos. 1 and 2." This Request involves 600 hours of video.

### Request for Production Nos. 5, 6, 15, 16 and 17
Request Nos. 5 and 6 seek communications between Mr. Cuviello and other activists regarding protesting Ringling Bros. and Request Nos. 15, 16 and 17 seek documents regarding Mr. Cuviello's affiliations with specific organizations.

Feld Entertainment's Position: During Ringling Bros.' Oakland engagement in 2010, over 200 activists protested. Therefore, information about the number of activists that may appear to protest is relevant to the injunction. Feld distinguishes *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318 (Fed. Cir. 1990) from the present action because the former involved a patent infringement case where the Court considered the request for a **nonparty's** models of its product to be a classic example of a "fishing expedition." *Id.* at 1327. [Deny]

---

[2] Feld's position is that the videos should be produced in unedited form because Plaintiff may not argue that he is videotaping in a public forum or videotaping activities of public interest and then declare portions to be private in nature.


**McManis Faulkner**

The Hon. Edward M. Chen
February 23, 2012
Page 3

Plaintiff Cuviello's Position: Plaintiff objects that the requested information is not relevant to his request for injunctive relief. Feld's safety and congestion concerns are mere speculation. "[R]equested information is not relevant to 'subject matter involved' in the pending action if the inquiry is based on the party's mere suspicion or speculation." *Id.* at 1326. The only area Plaintiff has requested injunctive relief for leafleting purposes near the entrance to the animal compound which the injunction already limits to four activists regardless of the overall number of participants.

### Request for Production Nos. 7 and 8
These requests seek discovery of videos shown by Mr. Cuviello to the public during Ringling Bros.' engagements.

[Grant] Feld Entertainment's Position: Mr. Cuviello stated in his supplemental responses: "[a]lthough Plaintiff's constitutionally protected videotaping activity is relevant to the injunctive relief aspect of this lawsuit, the content of videos Plaintiff has exhibited for public viewing is not relevant to Plaintiff's request for injunctive relief." These videos are relevant because they are evidence of the plaintiffs' free speech activities..

Plaintiff Cuviello's Position: As Plaintiff's request for injunctive relief does not involve a request to exhibit video to the public, this activity is irrelevant. The content of the videos exhibited to the public is also irrelevant to the request for injunctive relief.

### Request for Production Nos. 9-12
Request Nos. 9-12 ask for the materials Mr. Cuviello distributes or displays at Ringling Bros.' circuses.

[Grant] Feld Entertainment's Position: Feld believes these requests are relevant because Mr. Cuviello has put these materials at issue by stating his protest activities are an exercise of his free speech rights, and therefore the materials he uses to exercise his free speech rights are discoverable.

Plaintiff Cuviello's Position: Although the protection of Plaintiff's demonstration activity is relevant to his request for injunctive relief, the overall content of Plaintiff's pamphlets, brochures, leaflets, flyers, posters, newsletters, advertisements, signs, banners or sandwich boards is not.

### Request for Production Nos. 13 and 14
These requests seek communications between Mr. Cuviello and media outlets about Ringling Bros. and materials about Ringling Bros. that he provides to the media.

[Grant] Feld Entertainment's Position: Mr. Cuviello put his relationship with news media outlets at issue by declaring he shares his videotapes of Ringling Bros.' with them.

Plaintiff Cuviello's Position: Plaintiff's "relationship" and/or the content of his communications with news media is irrelevant. To the extent public interest is a

**McManis Faulkner**

The Hon. Edward M. Chen
February 23, 2012
Page 4

factor in free speech protection, evidence of the media's use of Plaintiff's video may be evidence of public interest and, thus, relevant. Plaintiff has provided Feld with a sampling of news coverage utilizing Plaintiff's video footage.

### Interrogatory No. 18

Interrogatory No. 18 asks for a description of how Mr. Cuviello enlists other activists to join his protests against Ringling Bros. and other circuses.

Feld Entertainment's Position: Blanket objections based on privilege are improper and inadequate to invoke any privilege. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681-82 (D. Kan. 2004).[3] The objection based on freedom of association is misplaced because this interrogatory is not asking for membership lists or anything that would implicate Mr. Cuviello's association in any group.[4] This interrogatory is relevant because it goes to the issue of how many activists may turn out to protest Ringling Bros. at its Oakland engagement. This relates directly to the issues of congestion, safety and security that are relevant to the request for injunctive relief.

Plaintiff Cuviello's Position: Objection based on privilege, relevance and freedom of association. *Id.* at 523. ([C]ompelled disclosure of affiliation with groups engaged in advocacy may constitute [an] effective . . . restraint on freedom of association. . . . Inviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association[.]") *quoting NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958). Moreover, as stated above, Feld's safety concerns are based on mere speculation. *Micro Motion,* supra at 1326.

Very truly yours,

McMANIS FAULKNER                    PLAINTIFF IN PRO SE

/S/                                  /S/
RUBY H. KAZI                         JOSEPH CUVIELLO

                                     IT IS SO ORDERED

cc: G. Whitney Leigh, Esq.
    Stephen MacPhail, Esq.
    Richard Williams, Esq.

                                     EDWARD M. CHEN, U.S. DISTRICT JUDGE

                                     2/24/12
                                     Date

---

[3] A party claiming privilege shall make the claim expressly and describe the documents being withheld so that the requesting party may assess the applicability of the protection. *DIRECTV, Inc., supra,* 224 F.R.D. at 681-682.

[4] Mr. Cuviello relies on *Bates v. City of Little Rock*, 361 U.S. 516, 523 (1960) which involved the disclosure of an organization's membership lists, which is not what Feld seeks.

**McManis Faulkner**