UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO, *et al.*, | No. C-06-5517 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL** |
| CITY OF OAKLAND, *et al.*, | |
| Defendants. | **(Docket No. 505)** |
_____/

Previously, Plaintiffs and the Coliseum Defendants settled their dispute in this lawsuit. *See* Docket No. 460-2 (settlement agreement). As part of the settlement, the parties agreed to a permanent injunction. Intervenor Feld Entertainment, Inc. objected to the settlement, arguing in essence that Plaintiffs should not be given access to areas that are closed to the public. This included access to a walkway between the perimeter of the animal compound and the rest of the truck corral. *See* Docket No. 463 (Opp'n at 3, 5). After a hearing, this Court concluded that Feld's objection was not sufficient to override the settlement agreement. The Court also indicated that the parties should submit a stipulated dismissal. *See* Docket No. 469 (order); Docket No. 470 (hearing transcript). Subsequently, Plaintiffs filed a motion for a voluntary dismissal rather than a stipulated dismissal. This is the motion currently pending before the Court. In their papers, Plaintiffs explain that a motion rather than a stipulation has been provided because Feld has not agreed to a dismissal.

Having considered the parties briefs' and accompanying submissions, the Court finds this matter suitable for disposition without oral argument. The motion for voluntary dismissal is **GRANTED**.

## I. FACTUAL & PROCEDURAL BACKGROUND

As the parties are well aware, this litigation has a long and tortuous history. The Court has limited the background discussion to only the events that are critical to resolution of the pending motion.

A. <u>August 2009 Preliminary Injunction</u>

In August 2009, this Court prepared a report and recommendation for Judge Patel on a motion for preliminary injunction filed by Plaintiffs. *See* Docket No. 235 (report and recommendation). Judge Patel adopted the recommendation that a preliminary injunction be issued and further adopted the recommendation as to its specific terms. *See* Docket No. 240 (order). At the time, Feld was not a party to the litigation.

Under the August 2009 preliminary injunction, Plaintiffs were given access to (and the Coliseum Defendants were not allowed to prohibit Plaintiffs from):

(1) A three-foot wide walkway running alongside the perimeter wall of the animal compound.

(2) The barricaded corridor leading to the animal compound, the area outside of but directly adjacent to the corridor, and the gap between the corridor and the animal compound entrance except that there shall be a ten-foot buffer zone surrounding the entrance of the compound. (Plaintiffs could be temporarily be moved from the gap to permit movement of equipment and animals.)

(3) The upper west landing area, up to the point where the west ramp joins the landing.

(4) One specific spot located in the area adjacent to the entrance to the north tunnel, which has a clear view of the entire tunnel.

(5) The north ramp and landing.

(6) The northeast stairs and base of the stairs.

(7) All exterior areas of the Arena and parking lot which are otherwise open to the public.

B. <u>Intervention by Feld</u>

In July 2010, Feld moved to intervene in the case. *See* Docket No. 304 (motion). No party objected, and Judge Patel ultimately issued an order granting intervention as of right. *See* Docket No. 321 (order); *see also* Fed. R. Civ. P. 24(a)(2) (providing that a "court must permit anyone to

1  intervene who . . . claims an interest relating to the property or transaction that is the subject of the
2  action, and is so situated that disposing of the action may as a practical matter impair or impede the
3  movant's ability to protect its interest, unless existing parties adequately represent that interest"). In
4  her order, Judge Patel noted:

> [Feld] has an interest in the action which may be impaired without allowing intervention: *since the Ringling Brothers Circus performs annually at the Arena, Feld would be bound by the terms of an injunction implicating Arena facilities*. Feld's interests are not adequately represented by existing defendants who, as governmental actors, have different interests. The governmental-actor defendants appear mainly concerned with crowd control and public safety, whereas Feld may be more interested in the operation of its circus.

Docket No. 321 (Order at 2) (emphasis added).

C.   Modification of August 2009 Preliminary Injunction

Subsequently, in August 2010, upon motion by the Coliseum Defendants, Judge Patel modified the August 2009 preliminary injunction. Judge Patel held that a modification was appropriate given changed circumstances – *i.e.*, Defendants' intent to build a six-foot chain link fence to prohibit the general public from entering the truck corral where the animal compound is housed. Given this change in circumstances, Judge Patel eliminated the provision in the preliminary injunction that allowed Plaintiffs to access a three-foot wide walkway running alongside the perimeter wall of the animal compound. "[I]nstead, plaintiffs, and a limited number of people acting in concert with them, are permitted access to a three-foot 'walkway' running along the outside of the chain link fence that encloses the truck corral." Docket No. 333 (Order at 5).

Plaintiffs appealed the modification but the modification was upheld by the Ninth Circuit.

D.   Settlement Between Plaintiffs and the Coliseum Defendants

Approximately a year and a half later, after the case had been reassigned from Judge Patel to the undersigned, Plaintiffs and the Coliseum Defendants settled their dispute in the lawsuit. One of the settlement terms provided for a permanent injunction. The terms of the permanent injunction were as follows:

> In addition to the same terms and conditions in the existing preliminary injunction dated, August 10, 2009, Plaintiffs and up to four (4) persons acting in concert with Plaintiffs shall have access to

3

>the three (3)-foot wide walkway running alongside the perimeter wall of the animal compound of the Ringling Bros. Circus events, located on the North and East sides and West side to frontage road entrance gate, at the Oracle Arena in Oakland, California; and Defendants or Ringling Bros. may construct a fence to demark the three (3)-foot wide walkway on side of walkway opposite the perimeter wall of the animal compound of the Ringling Bros. Circus events, to create a corridor.

Docket No. 460-2 (Settlement Agreement at 2). Basically, this last term of the preliminary injunction restored Plaintiffs' access to a walkway surrounding the animal compound, even if there was to be a fence around the truck corral where the compound is housed. *See* Docket No. 463 (in Feld's objection to the settlement agreement, noting that "the settlement agreement would allow [P]laintiffs access to a walkway created specifically for them between the perimeter of the animal compound and the rest of the truck corral").

E.  Feld's Objection to the Settlement Agreement

Feld objected to the parties' settlement agreement. Although Feld focused most of its objection on the restoration of Plaintiffs' access to a walkway surrounding the animal compound, Feld made clear that it generally objected to the injunction to the extent it "grant[ed] [P]laintiffs' access to areas around the Arena that are closed to the public." Docket No. 463 (Opp'n at 3 n.1). Feld made this general objection because, at the time that the August 2009 preliminary injunction was issued, it had not yet intervened as of right and "therefore did not have an opportunity to be heard regarding the injunction sought." Docket No. 463 (Opp'n at 3 n.1). Feld argued that it "*should be given an opportunity to be heard at a trial before the Court issues a permanent injunction that will affect Feld's interests*." Docket No. 463 (Opp'n at 3 n.1) (emphasis in original).

F.  Court's Approval of Settlement Agreement

The Court held a hearing on Feld's objection to the settlement. In spite of Feld's objection, the Court approved the settlement agreement. At the hearing, the Court explained:

>Although [Feld has] standing to raise [the objection to the settlement agreement], . . . I don't feel that it's substantial or substantive enough to thwart the carefully crafted settlement agreement that has been reached by the parties.
>
>This [*i.e.*, the privacy rights of Feld employees] is an issue that had never been raised in a meaningful way previously, although it could have been. There [were] opportunities to do so.

4

> The evidence upon which [the] objection is based is based on a two-year old affidavit of a person who is no longer available for cross-examination. And, in any event, says nothing about what has happened over the last three years specifically at this site that would cause any concerns.
>
> I also find that the privacy arguments are meritless in that while there is clearly would be a privacy interest in terms of people's living quarters within the trailers, the open areas where they are working that is exposed to the public from various angles is not of such a sufficiently compelling privacy concern that would warrant a rejection of this settlement agreement.

Docket No. 470 (Tr. at 19-20). The Court indicated that the parties should submit a stipulated dismissal.

G. <u>Pending Motion</u>

Although the Court instructed the parties to submit a stipulated dismissal, they were unable to do so because Feld was unwilling to stipulate. Apparently, Plaintiffs understood that Feld refused to stipulate because the settlement agreement failed to specify that Feld was being released from liability. Accordingly, Plaintiffs filed a motion for voluntary dismissal to which they attached a signed release from liability with respect to Feld. In its opposition brief, however, Feld makes clear that it is still opposed to a dismissal because it does not agree with the terms of the permanent injunction that is provided for in the settlement agreement. Feld states that it "objects to dismissal of this action before it has an opportunity for an evidentiary hearing on plaintiffs' request for injunctive relief." Opp'n at 2. Feld also makes a few secondary arguments – *e.g.*, that the terms of the injunction should be put into one single document and that the Court should condition dismissal on retention of jurisdiction over any disputes that arise with respect to the injunction. These secondary arguments are largely immaterial, especially as Plaintiffs are amenable to this Court's retaining jurisdiction to enforce the settlement agreement, including the injunction. *See* Reply at 4.

## II. **DISCUSSION**

A. <u>Legal Standard</u>

As the above makes clear, Feld's opposition is, for the most part, a rehash of its objection to the settlement agreement. Thus, Feld's opposition should either be rejected outright as a "second bite at the apple" or treated as, in effect, a motion for reconsideration. For a motion for

1  reconsideration, Feld would have to establish, *e.g.*, manifest error on the part of the Court. *See, e.g.*,
2  Civ. L.R. 7-9(b)(3) (providing that a party moving for leave to file a motion to reconsider must
3  show, *e.g.*, "[a] manifest failure by the Court to consider material facts or dispositive legal
4  arguments which were presented to the Court before such interlocutory order").
5       That Feld's opposition really is a motion to reconsider is supported by the fact that the same
6  legal test applies to (1) whether a nonsettling defendant has standing to object to a settlement
7  involving other parties to a lawsuit and (2) whether a defendant can establish that a motion for
8  voluntary dismissal under Federal Rule of Civil Procedure 41[1] should be denied. In either situation,
9  the question for the court is whether the defendant can demonstrate that it will suffer legal prejudice,
10 either as a result of the settlement or the dismissal. *See Waller v. Financial Corp. of Am.*, 828 F.2d
11 579, 583 (9th Cir. 1987) (noting that "[t]here is . . . a recognized exception to the general principle
12 barring objections by non-settling defendants to permit a non-settling defendant to object where it
13 can demonstrate that it will sustain some formal legal prejudice as a result of the settlement"; noting
14 that this standard "maintains consistency with Fed. R. Civ. P. 41(a)(2)," pursuant to which "a district
15 court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer
16 some plain legal prejudice as a result").

B.  <u>Legal Prejudice</u>

18     In the context where a nonsettling defendant objects to a settlement involving other parties,
19 the Ninth Circuit has indicated that the settlement would cause legal prejudice to the nonsettling
20 defendant where the settlement would "strip [the nonsettling defendant] of a legal claim or cause of

---

[1] Federal Rule of Civil Procedure 41 states in relevant part:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

action" (such as an action for indemnity or contribution) or where the settlement would "invalidate[] the contract rights of [the nonsettling defendant]." *Waller*, 828 F.2d at 583.

In its papers, Feld contends that legal prejudice can include "the loss of a federal forum, or the right to a jury trial," *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996), but that statement lifted from *Westlands* must be taken in context. In *Westlands*, the Ninth Circuit was considering the issue of whether the threat of future litigation, which causes uncertainty, is enough to constitute legal prejudice such that a court should deny a motion for voluntary dismissal under Rule 41. *See id.* The Ninth Circuit concluded that the *threat* of future litigation was not enough, noting that, "[a]lthough case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the *rights and defenses available to a defendant* in future litigation." *Id.* (emphasis added). It was in this context that the Ninth Circuit stated: "For example, in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* Thus, the mere threat of future litigation without such a loss does not constitute legal prejudice. *See id.* ("legal prejudice is just that – prejudice to some legal interset, some legal claim, some legal argument[;] [u]ncertainty because a dispute remains unresolved is not legal prejudice").

Given the factual scenario here, the *Waller* standard applies. In fact, *Waller* is consistent with and encompasses the *Westlands* situation; whether a nonsettling defendant is stripped of a legal claim (*Waller*) amounts to the same thing as whether a defendant is foreclosed from asserting any rights in future litigation (*Westlands*).

Under *Waller*, the settlement agreement – more specifically, the injunction provision – does not strip Feld of a legal claim or cause of action; it would not invalidate Feld's contract rights. Feld identifies no legal claim that is irretrievably lost as a result of the settlement agreement. Nor has Feld identified any particular contract right invalidated thereby.

To the extent Feld suggests it would be stripped of a legal claim or cause of action because it is "bound" by the terms of the injunction, that argument is not persuasive. This "bound" language is based solely on Judge Patel's order granting Feld intervenor status. There is nothing to establish that the injunction agreed upon by Plaintiffs and Defendants actually binds Feld (as opposed to the

7

1  Coliseum Defendants) in any particular way. The injunction simply specifies where Plaintiffs can
2  have access vis-a-vis the right of the Coliseum Defendants to exclude Plaintiffs from certain areas of
3  the complex. Feld is not legally "bound" by the injunction. Instead, there is no evidence that Feld
4  has the legal right to exclude patrons or persons from certain areas of the Coliseum complex in the
5  first place. Feld is not the owner of the property at issue, and it has offered no evidence that its
6  contractual relationship with Defendants gives it the right to exclude.

7  The Court thus rejects Feld's opposition and grants Plaintiffs' motion for voluntary
8  dismissal. Feld's opposition is in reality a second bite at the apple seeking to again challenge the
9  permanent injunction agreed to by the other parties – a challenge already rejected by the Court.
10 Furthermore, Feld has not adequately demonstrated legal prejudice warranting either reconsideration
11 of the Court's approval of the settlement agreement or denial of the motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for voluntary dismissal is hereby **GRANTED**. The Court shall retain jurisdiction over any disputes that arise with respect to the settlement agreement, including the permanent injunction. Pursuant to Feld's request (which the Court deems reasonable), Plaintiffs and Defendants shall jointly file with the Court, within one week of the date of this order, a single document that contains all of the terms of the agreed-upon permanent injunction. Upon the filing of this document, the Clerk of the Court shall enter a final judgment and close the file in this case.

This order disposes of Docket No. 505.

IT IS SO ORDERED.

Dated: November 15, 2012

_____
EDWARD M. CHEN
United States District Judge